IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02985-WJM-SKC

DENVER HOMELESS OUT LOUD, *et al.*, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

DENVER, COLORADO, *et. al.*,

Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR LIMITED EXPEDITED DISCOVERY**

---

1. <u>**All of Plaintiffs' requests are relevant to the issues to be considered by the Court at the preliminary injunction hearing.**</u>

      Far from seeking "all discovery which may be allowed during ordinary discovery on the merits" of Plaintiffs' claims, Plaintiffs' requests simply seek discovery relating to the motion for preliminary injunction (and, specifically, information from high-level policymakers). [Doc. #60], pp. 5-6 (quoting *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011)). The information Plaintiffs <u>do not</u> seek demonstrates how limited the requests are:

- Audio and/or video recordings, such as body worn camera footage, dash cam footage, surveillance footage, audio-recorded interviews, and any video footage from other sources (there are likely thousands of hours of body worn camera footage of the events at issue);
- CAD detail reports;
- 9-1-1 recordings;
- Incident reports;
- General offense documents;
- Police reports, including supplementary reports;
- Witness statements;
- Radio transmissions;
- Summons;

1

- Citations;
- Photographs;
- Internal affairs documents;
- Documents produced by the Independent Monitor's Office;
- Any communications outside of the targeted *written* communications requested;
- Any documents outside of the targeted *written* documentation of seizure and destruction of property;
- Any documents relating to the other sweeps (outside of the sweeps at Lincoln Park, Morey Middle School, and along the South Platte River) outlined in Plaintiffs' Complaint and preliminary injunction motion; and
- Any evidence relating to the claims in Plaintiffs' Complaint that are not being asserted on their motion for preliminary injunction (including any evidence related to their equal protection claim, facial challenge of the Encumbrance Removal Ordinance, and challenge under Colo. Const. Art. II, Section 3**).**

Moreover, contrary to Defendants' arguments, evidence of past misconduct is central to the issues in this case. The cases that Defendants cite for the proposition that expedited discovery in service of a preliminary injunction should not include backward-looking information do not involve *Monell* liability; this is a key distinction. Plaintiffs *must* present evidence of past misconduct to prove a custom and practice under *Monell*. *See Lyall v. City of Denver*, Civil Action No. 16-cv-2155-WJM-CBS, 2018 U.S. Dist. LEXIS 48846, at *40 (D. Colo. Mar. 26, 2018) (citing *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty., Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993)).

Further, Defendants have no response to the fact that "[t]he burden on Defendants is not substantial given that the documents and information sought would need to be produced during the normal course of the litigation." *Grayeyes v. Cox*, No. 4:18-cv-00041-DN, 2018 U.S. Dist. LEXIS 187276, at *4-5 (D. Utah July 3, 2018). There is little doubt that the documents requested here would be discoverable in the normal course of litigation and, therefore, this factor weighs in favor of there being good cause for this Court to order expedited, limited discovery.

Additionally, contrary to Defendants assertions, the discovery sought by Plaintiffs is more limited, and less invasive to government functioning, than the discovery granted in

2

*Carranza* and *Grayeyes*. In *Carranza*, Judge Brimmer allowed multiple inspections of the Weld

County Jail (during height of the onset of the coronavirus pandemic in the United States). [Doc.

#58-1]. In *Grayeyes*, the Court allowed multiple depositions of the defendants (in addition to

written discovery requests) who were officials tasked with administering elections days before an

election. 2018 U.S. Dist. LEXIS 187276, at *1. Plaintiffs merely ask for discovery of documents.

Ultimately, the requested "[e]xpedited discovery will assist in determining whether

injunctive relief is appropriate" and, therefore, there is good cause for ordering it. *Grayeyes*,

2018 U.S. Dist. LEXIS 187276, at *4-5.

2. **Discovery Requests #1, 2, and 3 seek information central to the issues this Court must consider in deciding Plaintiffs' motion for preliminary injunction.** [1]

Plaintiffs' requests only seek discovery from executive leadership teams.[2] Plaintiffs seek

information in these requests that demonstrates knowledge, which is relevant to the deliberate

indifference element of Plaintiffs' *Monell* and Fourteenth Amendment claims, the judicial-

conscience-shocking element of Plaintiffs' Fourteenth Amendment substantive due process

claim, and the reasonableness of the lack of notice relating to Plaintiff's Fourteenth Amendment

procedural due process claim. These documents would also demonstrate that the actions at the

sweeps were undertaken at the direction of final policymakers for Denver. Showing that the

---

[1] Defendant Denver's argument that these requests would require searching every single employees' emails, texts, and call logs is a red herring. First, the request is clearly directed at executive staff. Second, it is highly unlikely that every member of the Mayor's, City Attorney's, DDPHE's, and/or DPS's office were involved in the sweeps. For example, this request does not require searching 100s of City Attorneys' emails and phones for communications; there are simply *whole divisions* of the City Attorney's office who would have no communications relating to the sweeps.

[2] Plaintiffs admit that the term "staff" and "subordinates" could have been clearer (Plaintiffs do not know how Defendant Denver organizes its departments, or how these departments characterize certain staff). Plaintiff only seeks communications from the executive leadership teams of the requested departments; however, Plaintiffs also seek communications to and from DDPHE Director Danica Lee and Deputy Director Ann Cecchine-Williams.

sweeps were conducted despite knowledge that they were contrary to public health experts'

guidance (or that this public health guidance relating to COVID-19 was ignored in the planning

of the sweeps) is probative evidence of deliberate indifference, and conscience-shocking

behavior. And, communications demonstrating that there were communications weeks in

advance planning the sweeps, while no notice was provided for these sweeps, would be probative

evidence as to whether a public health and safety emergency actually existed or whether notice

could have been reasonably given prior to the sweeps.

3. **<u>Discovery Request #4 seeks information central to the issues this Court must consider in deciding Plaintiffs' motion for preliminary injunction.</u>**

Plaintiffs seek information in these requests that is directly relevant to their Fourth and

Fourteenth Amendment claims for injunctive relief. Evidence of whether property was seized,

and destroyed, (and that this seizure and destruction occurred on a consistent basis, during

sweeps months apart) is central to Plaintiffs' seizure, due process, and *Monell* claims.

4. **Defendants have not met their burden in demonstrating that the deliberative process privilege precludes this Court from ordering expedited discovery.**

"[T]he party asserting the [deliberative process] privilege has the burden of proving each

element of the privilege." *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2009 U.S. Dist. LEXIS

8365, at *13 (D. Colo. Jan. 29, 2009). "As with all privileges, the deliberative process privilege

must be narrowly construed." *Id*. In order to fall under the protection of this privilege, materials

must be both predecisional and deliberative. *Id*. (citation omitted). Unless inextricably

interwoven with deliberative sections of protected documents, purely factual material is not

protected. *Id*. (citation omitted). Importantly, the deliberative process "privilege is not absolute

and requires the Court to conduct a balancing process, tipping the scales in favor of disclosure

when public interest in accurate judicial determination outweighs public interest in assuring the

4

free flow of opinions so as to promote effective governmental functioning." *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, No. 11-1132 RB/LFG, 2013 WL 12040729, at *3 (D.N.M. Jan. 2, 2013) (citations omitted). Because of this, "[c]ourts have consistently found that the [deliberative process] privilege is outweighed by the interest in disclosure where a case is based on alleged violations of federally-protected civil rights." *Hinsdale v. City of Liberal, Kansas*, No. 96-1249-FGT, 1997 U.S. Dist. LEXIS 13779, at *1 (D. Kan. Aug. 27, 1997).

First, Defendants have not made a showing of any kind that these materials are both predecisional and deliberative. Defendants' conclusory assertions that the communications are protected by this privilege, without any discussion of how they might be predecisional and deliberative, is not sufficient to meet their burden.[3]

Second, even if Defendants had adequately demonstrated that the requested documents were predecisional and deliberative in nature, the privilege asserted "is a qualified [one,] which can be overcome by a sufficient showing of need." *Gambina v. Fed. Bureau of Prisons*, No. 10-CV-02376-MSK-KLM, 2012 WL 4040335, at *3 (D. Colo. Sept. 12, 2012). In Section 1983 actions, "a claim that relevant evidence is privileged must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action." *Spell v. McDaniel*, 591 F. Supp. 1090, 1116 (E.D.N.C. 1984); *Hinsdale,* 1997 U.S. Dist. LEXIS 13779, at *1; *Crawford v. Dominic*, 469 F. Supp. 260, 262 (E.D. Penn. 1979); *Wood v. Breier*, 54 F.R.D. 7, 13 (E.D. Wis. 1972).

Several factors, on which courts have relied to order disclosure in spite of the applicability of the deliberative process privilege, weigh in Plaintiffs' favor here. First, when a

---

[3] Any factual material contained in the requested communications is not protected by the deliberative process privilege. *Gambina*, 2012 WL 4040335, at *4.

municipality is named as a defendant, this "typically weighs in favor of disclosure[.]" *See*

*Moreland Props., LLC v. City of Thornton,* No. 07-cv-00716-EWN-MEH, 2007 U.S. Dist.

LEXIS 64755, 2007 WL 2523385, at \*5 (D. Colo. Aug. 31, 2007). Second, as discussed above,

the material sought is central to Plaintiffs' Section 1983 and *Monell* claims and restricting access

would prohibit the legal inquiry into whether Defendants violated Plaintiffs' civil rights.

*Fourhorn v. City & Cty. of Denver*, Civil Action No. 08-cv-01693-MSK-KLM, 2009 U.S. Dist.

LEXIS 71042, at \*10-14 (D. Colo. Aug. 3, 2009) (holding that the materiality of the documents

to Section 1983 and *Monell* claims weighs in favor of disclosure); *Hinsdale,* 1997 U.S. Dist.

LEXIS 13779 at \*1. Third, applying the privilege would undercut Congress' intention in

enacting Section 1983, which was to provide a vehicle to litigants to "deliberately expose[]

government decisionmaking to the light." *In re Subpoena Duces Tecum,* 145 F.3d 1422, 1424

(D.C. Cir. 1998). Fifth, disclosure "may caution [Denver] officials to take similar issues

seriously and adopt policies calculated to correct and minimize future mistakes." *Fourhorn*, 2009

U.S. Dist. LEXIS 71042, at \*13-14.

Ultimately, Defendants have not met their burden in showing that deliberative process

privilege applies. And, even if they had, this case involves serious allegations of systematic

violations of Plaintiffs' constitutional rights, exactly the type of case where the deliberative

process privilege "must yield" to disclosure. *Fourhorn*, 2009 WL 2407569, at \*4.

5. **Defendants have not met their burden in demonstrating that the attorney-client privilege precludes this Court from ordering expedited discovery.**

Without much explanation, Defendants assert that the attorney-client privilege covers the

limited discovery sought.[4] The attorney-client privilege "protects confidential communications

---

[4] The Tenth Circuit has never decided whether the attorney-client privilege protects
communications between municipal employees and city attorneys. Some courts have held, in the

by a client to an attorney made in order to obtain legal assistance from the attorney in his

capacity as a legal advisor." *In re Grand Jury Subpoena Duces Tecum*, 697 F.2d 277, 278 (10th

Cir. 1983).

First, Defendants vague assertion of the attorney-client privilege is patently insufficient to

establish the privilege exists as to the documents requested as any party claiming the privilege

"must bear the burden as to specific questions or documents, not by making a blanket

claim." *Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1264 (10th Cir. 1999).

Second, there is no indication that the communications sought were between a lawyer and

client for the primary purpose of obtaining legal advice. *United States v. Johnston*, 146 F.3d 785,

794 (10th Cir. 1998); *In the Matter of Grand Jury Subpoena*, 697 F.2d 277, 278 (10th Cir. 1983).

For example, "[j]ust because an email is copied to in-house counsel does not render the

document subject to privilege." *Pandeosingh v. Am. Med. Response, Inc.*, Civil Action No. 14-

cv-01792-PAB-KMT, 2014 U.S. Dist. LEXIS 154397, at *2-8 (D. Colo. Oct. 30, 2014); *United

States v. Chevron U.S.A., Inc.*, Civil Action No. 88-6681, 1989 U.S. Dist. LEXIS 12267, at *15-

18 (E.D. Pa. Oct. 16, 1989) ("[I]t is not enough to assert the privilege merely because an attorney

was present or was one of the parties to whom the communication was made."). The "attorney-

client privilege [only] protects . . . legal advice, not economic, business, or policy advice[.]"*Fox

News Network, LLC v. U.S. Dep't of Treasury*, 739 F. Supp. 2d 515, 560 (S.D.N.Y. 2010) (noting

that holding that communication soliciting advice from legal counsel as to how best to handle

---

criminal context, that there was no governmental attorney-client privilege. *In re Grand Jury
Subpoena Duces Tecum*, 112 F.3d 910, 921 (8th Cir. 1997). Others have refused to extend it to
certain municipal employees. *Reed v. Baxter*, 134 F.3d 351, 357 (6th Cir. 1998). They have done
so because the assertion of a governmental attorney-client privilege "stands squarely in conflict
with the strong public interest in open and honest government." *Reed*, 134 F.3d at 356; *In re
Grand Jury Subpoena Duces Tecum*, 112 F.3d at 921 ("[T]he general duty of public service calls
upon government employees and agencies to favor disclosure over concealment.").

press inquiry regarding corporation not privileged); *Ambrose v. City of White Plains*, 2011 U.S. Dist. LEXIS 172178, at *17 (S.D.N.Y. Sep. 30, 2011). There is no indication that the communications sought were between a lawyer and client primarily seeking legal advice.

Third, even if the attorney-client privilege does apply to the requested communications, courts have held that the crime or fraud exception to the attorney-client privilege extends to intentional torts as well. *See e.g., United States v. United Shoe Machinery Corporation,* 89 F. Supp. 357 (D. Mass. 1950); *Diamond v. Stratton,* 95 F.R.D. 503, 505 (S.D.N.Y. 1982); *Irving Trust Co. v. Gomez,* 100 F.R.D. 273 (S.D.N.Y. 1983). Plaintiffs allege, and seek documents demonstrating, that Defendants committed intentional constitutional torts.

6. **Reciprocal discovery, as outlined in Defendants' response, is inappropriate.**

Contrary to Defendants assertions, the information that Plaintiffs will present as to the sweeps on April 30th, May 7th, May 14th, May 19th, May 20th, May 27th, July 29th, August 5th, August 17th, August 18th, and August 19th has been outlined in the declaration of Terese Howard, which was attached to the motion for preliminary injunction. *See* [Doc. #14-4]. And, Defendant Denver likely has hundreds (if not thousands) of hours of body worn camera footage, thousands of pages of documentation, binders full of policies and procedures, and countless other pieces of evidence relating to these sweeps. The evidence is in Defendant Denver's possession. They can adequately defend against the claims in Plaintiffs' motion for preliminary injunction.

However, Plaintiffs are not unreasonable and would consider providing documents in response to limited and targeted discovery requests from Defendants. Defendants have not conferred about any requests, their motion does not specify the types of documents they seek, and Plaintiffs have not received any written discovery requests from Defendants.

Dated: November 2, 2020

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
David A. Lane
Darold W. Killmer
Andy McNulty
Reid Allison
1543 Champa St., Ste. 400
Denver, CO 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
dlane@kln-law.com
dkillmer@kln-law.com
amcnulty@kln-law.com
rallison@kln-law.com

COUNSEL FOR PLAINTIFFS

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the **REPLY IN SUPPORT OF MOTION FOR LIMITED EXPEDITED DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel.


Kathleen Spalding
Stephanie Lindquist Scoville
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Kit.spalding@coag.gov
stephanie.scoville@coag.gov

Wendy Shea
Michele Horn
Conor Farley
Director Civil Litigation Section
City and County of Denver
Wendy.shea@denvergov.org
Michele.horn@denvergov.org
Conor.farley@denvergov.org

                                                    /s/ Charlotte Bocquin Scull
                                                    Paralegal

10