IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-2985-WJM-SKC

DENVER HOMELESS OUT LOUD, *et al*.

    Plaintiffs,

v.

DENVER, COLORADO, *et al.*

    Defendants.

---

### DEFENDANT ROBINSON'S MOTION FOR TELEPHONIC TESTIMONY

---

Defendant Murphy Robinson, Executive Director of Denver's Department of Safety, through counsel, respectfully moves the Court for leave to testify telephonically at the evidentiary hearing in Plaintiff's case on December 15, 2020 pursuant to Fed. R. Civ. P. 43(c) and WJM Revised Practice Standards 2(F). In support, Defendant states:

### CERTIFICATE OF CONFERRAL

The parties previously conferred regarding this matter and understand that the Motion is unopposed.

### ARGUMENT

1. This case has been set for an in-person evidentiary hearing on December 15-16, 2020. [Docs. ##74-75.]

2. On November 23, 2020, Plaintiffs served a subpoena on Director Robinson, seeking to compel his testimony at the upcoming hearing.

3. Director Robinson filed a Motion to Quash [Doc. #88]. The Court ordered that he is required to testify at the hearing. [Doc. #98.]

4. Director Robinson will begin paternity leave on Friday, December 11, 2020, and he will be at the hospital on Tuesday, December 15—when Plaintiffs plan to call him as a witness in their case—related to the birth of his baby. He needs to be present at the hospital for this purpose and he also has significant concerns about the danger to his family from the COVID-19 pandemic, including his newborn child and his wife, who will have recently undergone a serious medical procedure.

5. Director Robinson respectfully requests that he be able to testify telephonically, so he will not be required to appear in person and be away from his family and risk potential exposure—especially in light of the serious medical procedure his wife will be undergoing. Counsel believes that telephonic rather than video testimony is necessary due to the likelihood that Director Robinson's wife and child will still be hospitalized on the date of the hearing, and the technological difficulties attendant upon testifying from the hospital.

6. Fed. R. Civ. P. 43(a) provides that, for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. For the reasons discussed above, counsel for Defendant Robinson believe that good cause exists to allow Director Robinson to testify via telephone.

**WHEREFORE**, for all these reasons, Defendant Robinson requests that he be allowed to testify telephonically at the hearing on December 15, 2020.

Respectfully submitted this 10th day of December 2020.

*s/ Wendy Shea*
Wendy J. Shea, Assistant City Attorney
Conor Farley, Assistant City Attorney
Geoffrey Klingsporn, Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3190
wendy.shea@denvergov.org
conor.farley@denvergov.org
geoffrey.klingsporn@denvergov.org

## CERTIFICATE OF SERVICE

I certify that on this 10th day of December 2020, I electronically filed the **DEFENDANT ROBINSON'S MOTION FOR TELEPHONIC TESTIMONY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David A. Lane | Kathleen Spalding |
| Darold W. Killmer | Stephanie Lindquist Scoville |
| Andy McNulty | Emely Garcia |
| Reid Allison | kit.spalding@coag.gov |
| dlane@kln-law.com | stephanie.scoville@coag.gov |
| dkillmer@kln-law.com | emely.garcia@coag.gov |
| amcnulty@kln-law.com | |
| rallison@kln-law.com | |

*Timothy R. Gablehouse*
*Melanie J. Granberg*
*Evan C. Singleton*
*Ashley L. Zurkan*
tgablehouse@gcgllc.com
mgranberg@gcgllc.com
esingleton@gcgllc.com
azurkan@gcgllc.com

*s/ Philip Jett*
Denver City Attorney's Office

3