IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-2985-WJM-SKC

DENVER HOMELESS OUT LOUD, *et al.*,

    Plaintiffs,

v.

DENVER, COLORADO, *et al.*,

    Defendants.

---

**DENVER DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION
OF COURT RULES REGARDING RECORDING OF PROCEEDINGS**

---

    Defendants, the City and County of Denver and the individual Denver Defendants, (collectively, "Denver Defendants"), through counsel, respectfully move for clarification of this Court's rules regarding recording civil hearings that are remotely accessible.

### CERTIFICATE OF CONFERRAL

    In accordance with D.C.COLO.LCivR 7.1(A), undersigned counsel has conferred with counsel for Plaintiffs, the State Defendants, and Environmental Hazmat Services. No party opposes the relief requested in this motion.

### ARGUMENT

    1.    This Court held a three-day hearing on Plaintiffs' Motion for Preliminary Injunction on December 15–16, 2020 and January 11, 2021. Pursuant to this Court's November 10 and November 12, 2020 Orders, the hearing was held in person in Courtroom A801, with attendance

limited to counsel, testifying witnesses, and party representatives. [Doc. #74 at 17; Doc. #75.] The general public was not allowed to attend the hearing in person, but the Court offered a public audio access line for the public to call in and listen to the proceedings. [Doc. #75.]

2. After the conclusion of the preliminary injunction hearing, it came to Denver Defendants' attention that parts of the hearing had been recorded and rebroadcast in a YouTube video titled "Message to the Mayor – Guerilla Storytelling Project."[1] Specifically, from the 6:00 minute mark to the 10:11 minute mark, the video plays part of Denver Defendants' counsel Conor Farley's direct examination of Sergeant Brian Conover and part of Plaintiffs' counsel Andy McNulty's direct examination of Tiley English.

3. The recording of federal court proceedings is generally prohibited. For example, D.C.COLO.LCivR 83.1 prohibits making any video or audio recordings while in the courtroom except as authorized by the judicial officer. Likewise, General Order 2020-10[2] states that "[a]ll persons participating in a court proceeding remotely by teleconference are prohibited, under

---

[1] *See* Emancipation Theater, *Message to the Mayor – Guerilla Storytelling Project*, YOUTUBE (Feb. 12, 2021), https://youtu.be/iRs5DbemzWw. The cast of the documentary includes several of Plaintiffs' witnesses—Tiley English, Manuel Sepulveda, and Councilperson Candi CdeBaca—as well as their party representative, Ana Cornelius. The documentary credits also thank Plaintiff Denver Homeless Out Loud and Plaintiffs' witnesses Kathleen Van Vorhis and Marisa Westbrook.

[2] United States District Court for the District of Colorado, District Court General Order 2020-10, Court Operations During the Covid-19 Pandemic (June 15, 2020), http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-10_Court_Operations.pdf.

penalty of contempt, from recording or broadcasting the proceeding in any manner." Other district courts in this Circuit have issued orders explicitly forbidding the recording of remote proceedings.[3]

4.  Denver Defendants are uncertain whether the District of Colorado or this Court prohibit courtroom recordings under these circumstances. Local Civil Rule 83.1's terms do not explicitly prohibit recordings made while not physically present in the courtroom but instead via a public audio access line. And the relevant language of General Order 2020-10—while applying to "[a]ll persons participating in a court proceeding remotely by teleconference"—is contained in a paragraph otherwise devoted to criminal proceedings. *See* G.O. 2020-10 at 3 (discussing "initial appearances on indictments and complaints, detention hearings, and hearings on violations of pretrial or supervised release or probation").

5.  Due to current General Orders amidst the ongoing pandemic, future proceedings in this matter are likely to be held remotely or be available to the public by telephone. To avoid ambiguity or confusion on this issue in the future, the Denver Defendants respectfully request that the Court clarify whether it prohibits the recording of remote hearings and other proceedings.

---

[3] *See, e.g.*, United States District Court for the District of Kansas, Administrative Order 2020-6, In Re: Notice Regarding Public and Media Access to Video and Teleconference Hearings Due to COVID-19 (Apr. 16, 2020), http://www.ksd.uscourts.gov/wp-content/uploads/2020/04/Administrative-Order-2020-6.pdf (Rule 83.2.1's general prohibition against recording applies to telephone access); United States District Court for the District of Wyoming, General Order No. 20-04, Granting Authorization for Public Access to Open Court Proceedings (Apr. 6, 2020), https://www.wyd.uscourts.gov/sites/wyd/files/General%20Order%202020-04.pdf ("[A]ll other listeners, public or otherwise, shall NOT record the audio or video of these proceedings or rebroadcast them . . . ."); United States District Court for the District of Utah, COVID-19 Information Center, https://www.utd.uscourts.gov/united-states-district-courts-district-utah-covid-19-information-center (last visited Feb. 22, 2021) ("Persons granted electronic access to hearings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings.").

3

6. No party objects or will be prejudiced by the relief requested and clarification of this rule for future proceedings will aid the parties and the public in understanding this Court's position.

WHEREFORE, for the foregoing reasons, Denver Defendants respectfully request that the Court clarify its rules regarding recording of remote proceedings in this matter.

Respectfully submitted this 23rd day of February 2021.

                                   *s/Geoffrey C. Klingsporn*
                                   Wendy J. Shea, Assistant City Attorney
                                   Conor D. Farley, Assistant City Attorney
                                   Geoffrey Klingsporn, Assistant City Attorney
                                   Denver City Attorney's Office
                                   Civil Litigation Section
                                   201 W. Colfax Avenue, Dept. 1108
                                   Denver, CO 80202-5332
                                   Telephone: (720) 913-3112
                                   Facsimile: (720) 913-3182
                                   Email: wendy.shea@denvergov.org
                                   Email: conor.farley@denvergov.org
                                   Email: geoffrey.klingsporn@denvergov.org
                                   *Attorneys for Denver Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of February 2021, I filed the foregoing **DENVER DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION OF COURT RULES REGARDING RECORDING OF PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David A. Lane, Esq. (dlane@kln-law.com)
Darold W. Killmer, Esq. (dkillmer@kln-law.com)
Andy McNulty, Esq. (amcnulty@kln-law.com)
Reid Allison, Esq. (rallison@kln-law.com)
Killmer Lane & Newman LLP
*Counsel for Plaintiffs*

Kathleen Spalding, Esq.
Stephanie Lindquist Scoville, Esq.
Emely Garcia, Esq.
kit.spalding@coag.gov
stephanie.scoville@coag.gov
emely.garcia@coag.gov
Colorado Attorney General's Office
*Counsel for State Defendants*

Timothy R. Gablehouse, Esq.
Melanie J. Granberg, Esq.
Evan C. Singleton, Esq.
Ashley L. Zurkan, Esq.
tgablehouse@gcgllc.com
mgranberg@gcgllc.com
esingleton@gcgllc.com
azurkan@gcgllc.com
Gablehouse Granberg, LLC
*Counsel for EHS*

*s/ Philip Jett*
Denver City Attorney's Office