**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. <u>20-cv-02985-WJM-SKC</u>

DENVER HOMELESS OUT LOUD, et al.

     Plaintiffs,

v.

DENVER, COLORADO, et al.

     Defendants.

---

**DEFENDANT ENVIRONMENTAL HAZMAT SERVICES' MOTION TO**
**DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendant, Environmental Hazmat Services, Inc. ("EHS"), by and through its attorneys, Gablehouse Granberg LLC, hereby moves to dismiss Plaintiffs' First Amended Class Action Complaint and Jury Demand (Doc. 160, the "Complaint" or "Compl.") pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In support of this Motion, EHS states as follows:

**CERTIFICATE OF CONFERRAL**

Counsel for EHS certifies they conferred on multiple occasions, telephonically and via video conference, with counsel for Plaintiffs regarding this Motion. Pursuant to the Court's Practice Standard III.D.1., the purpose of these conferrals was to discuss whether the deficiencies raised herein could be corrected by amendment. This effort resulted in Plaintiffs' filing the First Amended Complaint, which more precisely specifies EHS' alleged conduct. On March 3, 2021, counsel for EHS and Plaintiffs agreed that their disputes revolve around application of law to alleged facts, and further amendment will not resolve the parties' disputes. The parties agreed the issues are ripe for briefing to the Court.

1

## I.      INTRODUCTION

Plaintiffs seek to impose Section 1983 liability on EHS, a private corporation, because it was contracted by the City and County of Denver (the "City" or "Denver") to assist with so-called "sweeps" of homeless encampments. Plaintiffs also claim EHS violated their rights under the Colorado Constitution, violated Colo. Rev. Stat. § 13-21-131 (creating civil action against "peace officers" who violate civil rights), and tortiously interfered with their property rights.

Every claim asserted against EHS fails as a matter of law because Plaintiffs cannot show that EHS' conduct caused Plaintiffs' alleged deprivations of constitutional, statutory, and common law property rights. Plaintiffs' claims against EHS should further be dismissed because EHS is entitled to qualified immunity. As separate and additional grounds for dismissal, Plaintiffs' state-law claims against EHS should be dismissed for lack of subject matter jurisdiction.

## II.      FACTUAL BACKGROUND

The following facts, as pleaded by Plaintiffs and accepted as true solely for purposes of Fed. R. Civ. P. 12(b)(6), are relevant to Plaintiffs' claims against EHS. Under Denver's direction and close supervision, EHS assisted with the cleanup of public property the City deemed presented an emergency risk to human health and safety. Compl. ¶¶ 128, 186, 188, 192-94, 203-4, 208, 224, 274, 277, 288, 307, 320. In this role, EHS seized, stored, and disposed certain belongings of homeless individuals. *Id*. ¶¶ 32, 186, 194, 205, 208-20, 234, 239, 242-43, 254-56, 266-67, 282-85, 304, 315, 319, 342-43. EHS provided its services pursuant to a contract with Denver. *Id* ¶ 32. In or about February 2019, the City entered into a settlement agreement, referred to as the *Lyall* Settlement Agreement, with a group of individuals experiencing

homelessness and Plaintiff, Denver Homeless Out Loud ("DHOL"). *Id.* ¶ 152. In the *Lyall* Settlement Agreement, the City agreed to provide seven days' notice prior to clearing a homeless encampment unless "the City determines that a public health or safety risk exists" which requires immediate action. *Id.* ¶ 153. Denver also agreed to store certain personal property seized from homeless encampments but reserved the right to dispose such property upon a determination that it posed a public health or safety risk. *Id.* ¶¶ 153-56.

## III.    LEGAL STANDARD

Courts may dismiss a complaint for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Review under the Rule is limited to the complaint, and all material well-pleaded allegations of fact are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts need not credit plaintiff's legal conclusions. *Id.*

Fed. R. Civ. P. 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. Federal courts have original subject matter jurisdiction over claims arising under "the laws of the United States," including 42 U.S.C.§ 1983. 28 U.S.C. § 1331. They also have supplemental jurisdiction over state-law claims that are sufficiently related to other matters properly before the court. 28 U.S.C. § 1367(1). A District Court may, however, dismiss state-law claims where it has dismissed those over which it had original jurisdiction. *Id.* § 1367(c)(3); *Tonkovich v. Kan. Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001).

## IV.   ARGUMENT

**A. Plaintiffs' Section 1983 claims against EHS (Plaintiffs' First through Fourth Claims for Relief) fail as a matter of law.**

To state a plausible claim under Section 1983, a plaintiff must show that the defendant (1) caused the deprivation of a right secured by the federal constitution or a federal statute while (2) acting under the color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Private conduct that causes a deprivation of a federal right may be actionable under Section 1983, but only to the extent that the private conduct is fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

### 1. *EHS' conduct was not the proximate cause of Plaintiffs' alleged deprivation of rights.*

Courts apply general tort principles of causation in Section 1983 cases. *Monroe v. Pape*, 365 U.S. 167, 187 (1961) *overruled in part on other grounds* by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The plaintiff thus bears the burden of proving the defendant's conduct is both the cause-in-fact and proximate cause of the alleged deprivation of rights. *Bliss v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). "Proximate cause is often explicated in terms of foreseeability or the scope of risk created by the predicate conduct." *Furber v. Taylor,* 685 Fed. Appx. 674, 678 (10th Cir. 2017) (quoting *Paroline v. United States*, 572 U.S. 434, 445 (2014)). To establish proximate cause under Section 1983, the plaintiff must show the defendant knew or reasonably should have known its conduct was likely to deprive plaintiff of a federally secured right. *Bliss*, 446 F.3d at 1046.  "The defendant's conduct is not a proximate cause of a constitutional deprivation if the defendant neither knew nor had reason to know that the

deprivation would result." *Carr v. Or. DOT*, No. 3:13-cv-02218-MO, 2014 U.S. Dist. LEXIS 103105, at \*6 (D. Or. July 29, 2014).

EHS' conduct did not cause Plaintiffs' alleged deprivation of federally secured rights. This case is predominantly about the intersection of the City's emergency public health authority and the rights of homeless individuals to be secure in their personal belongings. According to Plaintiffs, Denver misused its public health powers when ordering and directing the cleanups EHS participated in. Compl. ¶¶ 4, 128, 157, 159, 190, 193, 199-201, 206, 276, 279, 309, 311. This allegation is significant, and dispositive of Plaintiffs' Section 1983 claims against EHS, because there is no allegation that EHS knew of should have known the government was allegedly misusing its public health authority.

*Carr* is instructive as it decided issues of proximate causation in the context of facts and Section 1983 claims similar to the present case. The *Carr* plaintiffs were a group of individuals living in an encampment on state owned right-of-way. *Carr*, U.S. Dist. LEXIS 103105, at \*2. They sued the Oregon Department of Transportation ("ODOT") for violations of their Fourth and Fourteenth Amendment rights. *Id.* In support of their claims, the plaintiffs alleged ODOT failed to follow its own regulations, which required ten days' prior notice and an opportunity to retrieve belongings in relation to the removal of homeless encampments. *Id* at \*2-3.

The *Carr* plaintiffs also asserted Fourth and Fourteenth Amendment claims against Multnomah County and the Multnomah County Sheriff. There was no dispute that ODOT was responsible for providing notice and an opportunity to retrieve belongings. *Id.* at \*10-11. The plaintiffs nevertheless believed the County and Sheriff violated their rights by performing the physical seizure and disposal of their property. *Id.* at \*8-12. As the court noted, the plaintiffs

alleged they observed Sheriff deputies and an inmate work crew dismantle the camp, pack their possessions into black plastic bags, and load the bags into dump trucks. *Id.* at *4.

According to the court, the allegations against the County and Sheriff – i.e., performing the seizure and disposal at the direction of and pursuant to a contract with ODOT – were insufficient as a matter of law to establish proximate causation. *Id.* at *9, *11-13. Given ODOT's control over providing notice and determining if and how to store property, plaintiffs' allegations failed to show that the County or Sheriff could have reasonably foreseen that their actions would deprive plaintiffs of constitutionally protected property rights. *Id.*

Here, like the County and Sheriff in *Carr*, EHS did nothing more than provide crews to assist with dismantling homeless encampments at the direction of the government. Compl. ¶¶ 32, 186, 194, 282, 307. The Complaint makes it clear that Denver, acting under its public health authority, planned and directed every aspect of the area closures and cleanups at issue. *Id.* ¶¶ 128, 186, 192-93, 203, 224, 272-76, 279, 308-11, 320.

There are no allegations that EHS knew or should have known whether the City was providing adequate notice before conducting the cleanups. EHS is not a party to the *Lyall* Agreement. Likewise, there are no allegations establishing EHS either knew or should have known the City was abusing its public health authority, as Plaintiffs contend, to deprive them of their property without providing a meaningful opportunity for retrieval. Because all of Plaintiffs' Section 1983 claims against EHS are based on a wrongful deprivation of property, they all must fail for lack of proximate causation.

**2.   *Plaintiffs fail to sufficiently plead EHS was acting under color of state law.***

Section 1983's "under color of state law" element is met when the challenged conduct is "fairly attributable to the state," or, in other words, constitutes "state action." *Lugar*, 457 U.S. at 935. Private conduct constitutes state action for Section 1983 purposes only in rare circumstances. *Thompson v. Platt*, 815 F. App'x 227, 238 (10th Cir. 2020) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). Section 1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

In determining whether private conduct constitutes state action, courts focus on "whether there is a sufficiently close nexus" or "symbiotic relationship" between the government and private actor "so that the action of the latter may be fairly treated as that of the State itself." *Johnson v. Rodrigues*, 293 F.3d 1196, 1202-03 (10th Cir. 2002). "In the typical case raising a state-action issue, a private party has taken the *decisive step* that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that *decisive conduct* as state action." *Natl. Collegiate Athletic Assn. v. Tarkanian*, 488 U.S. 179, 192 (1988) (emphasis added).

Plaintiffs contend EHS acted under the color of state law because it was contracted by Denver to assist with cleanups, which included the seizure, storage, and disposal of Plaintiffs' property. Compl. ¶ 32. EHS' contractual participation in the cleanup of areas deemed by the City to present a public health risk is insufficient to establish state action under Section 1983. Missing from the Complaint are any specific allegations establishing a symbiotic or interdependent relationship between Denver and EHS. Likewise, Plaintiffs baldly plead EHS was exercising

powers of the state. *Id.* There is no allegation that EHS had authority over the issuance of the emergency public health orders, closure edicts, or directives to remove homeless encampments at issue in this case. There is also no allegation that EHS exercised discretionary or decisive power with respect to the execution of its cleanup work. All such authority and discretion remained within the hands of the City. *See Id.* ¶¶ 128, 186, 192-93, 203, 224, 272-76, 279, 308-11, 320. Plaintiffs' Section 1983 claims against EHS fail under the state-action element.

### B. Plaintiffs fail to plead cognizable claims against EHS for violations of federal constitutional rights (Plaintiffs' First through Fourth Claims).

According to Plaintiffs, EHS unreasonably seized property in violation of the Fourth Amendment (First Claim for Relief) and violated various property and due process rights afforded by the Fourteenth Amendment (Second, Third, and Fourth Claims for Relief). Compl. ¶¶ 446-508. Each of these claims fail as pleaded because EHS was not responsible for: (1) planning or directing the area closures and cleanups; (2) providing notice in relation to the same; (3) determining if or when homeless encampments presented public health and safety risks; or (4) deciding whether Plaintiffs' personal property would be stored or discarded.

#### 1. Plaintiffs fail to sufficiently plead a Fourth Amendment violation by EHS.

The Fourth Amendment protects persons and their effects from "unreasonable searches and seizures." U.S. Const. amend. IV. To support a claim under the Fourth Amendment, the plaintiff must show the defendant's conduct was objectively unreasonable and resulted in some meaningful interference with a possessory interest to property. *United States v. Jacobsen*, 466 U.S. 109, 113-15 (1984). Where the defendant acted with sufficient justification, there is no violation of the Fourth Amendment. *Emmet v. Armstrong*, 973 F.3d 1127, 1132 (10th Cir 2020).

The Complaint is devoid of allegations that EHS acted unreasonably by participating in the cleanup of homeless encampments deemed by the City to pose a public health risk. While EHS may have physically removed and/or disposed some of Plaintiffs' personal belongings, they did so only with the City's authorization and at the City's direction. Compl. ¶¶ 32, 128, 186, 192-93, 203, 224, 272-76, 279, 308-11, 320. Plaintiffs plead no facts alleging EHS' participation in the cleanup of areas deemed by Denver to present a public health risk was objectively unreasonable. Plaintiffs' claim against EHS for the unreasonable seizure of their property should thus be dismissed.

### 2. *Plaintiffs fail to state sufficient claims against EHS for unlawful takings or deprivations of property without due process of law.*

Plaintiffs' Second and Third Claims for Relief allege EHS violated their constitutional rights against takings without just compensation and the deprivation of property without due process. Compl. ¶¶ 461-91. The Fifth Amendment, which applies to states via the Fourteenth Amendment, precludes states from taking private property through eminent domain for public use without just compensation. U.S. Const. amend. V. The takings clause is only triggered when property has been seized under the power of eminent domain. *Bennis v. Mich.*, 516 U.S. 442, 452-53 (1996). The Fourteenth Amendment prohibits the state from depriving any person of property without due process of law. U.S. Const. amend. XIV, § 1.

There is no allegation that EHS took Plaintiff's' belongings under the exercise of eminent domain. EHS had no such authority. For this reason alone, Plaintiffs' takings-based claims must fail. *Bennis*, 516 U.S. at 452-53.

Under the express terms of the *Lyall* Agreement, Denver, not EHS, was responsible for providing any requisite notice to Plaintiffs before removing their personal effects from public

property. Compl. ¶¶ 153-54. Denver was solely responsible for storing property that did not pose a public health or safety risk, making all such public health and safety determinations, and determining the value of Plaintiffs' belongings. *Id.* ¶¶ 155-56. These are the due process and other property-related protections Plaintiffs allege were violated. Because EHS had no responsibility for providing these protections, they cannot be held liable for the alleged violations of these rights. It is therefore appropriate to dismiss Plaintiffs' Second and Third Claims for Relief against EHS.

### 3.   *Plaintiffs have not adequately pleaded a claim against EHS for creating a danger.*

The Fourth Claim for Relief seeks to hold all Defendants responsible for violating their right "not to be exposed to greater danger by affirmative actions by public officials." *Id.* ¶ 501. Danger creation claims require facts showing: (1) the defendants created or increased plaintiffs' vulnerability to the danger in question; (2) plaintiffs are members of a limited and specifically definable group; (3) the defendants' conduct put plaintiffs at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) the defendants acted recklessly in conscious disregard of that risk; and (6) the conduct, when viewed in total, shocks the conscience. *Ruiz v. McDonnell*, 299 F.3d 1173, 1182–83 (10th Cir. 2002) (citations omitted). The danger must also have been created by a "state actor" acting with a conscious disregard of an obvious risk to the plaintiffs' safety. *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995).

Plaintiffs' conclusory statements regarding all "Defendants" aside, there are no facts in the Complaint to show EHS' acted recklessly in conscious disregard of an obvious or known risk to Plaintiffs. *See* Compl. ¶¶ 499-500. EHS is not alleged to have had any discretion over the storage and disposal of Plaintiffs' property or determining if and when homeless encampments

should be disbanded.  As such, there is nothing about EHS' contractual participation in removing homeless encampments that created a risk to Plaintiffs, and there is certainly nothing about EHS' conduct that "shocks the conscious." Without more, Plaintiffs have not met their burden for pleading this constitutional claim against EHS.

### C.   EHS is entitled to qualified immunity from all of Plaintiffs' federal claims (Plaintiffs' First through Fourth Claims for Relief).

As discussed above, Section 1983 provides a potential private cause of action against parties who have violated federal constitutional or statutory rights while acting under the color of state law. Because Section 1983 "creates a species of tort liability," courts accept traditional common law defenses, including the defense of qualified immunity. *Wyatt v. Cole*, 504 U.S. 158, 163-64 (1992). Qualified immunity shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). Qualified immunity also protects private parties who acted in accordance with the duties imposed by a government contract, assisted with a governmental function, and are sued only on the basis of acts performed pursuant to the contract. *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.,* 844 F.2d 714, 722 (10th Cir. 1988). Application of the doctrine is particularly appropriate when the private contractor worked alongside and under the close supervision of government officials. *Filarsky v. Delia*, 566 U.S. 377, 391 (2012).

After the qualified immunity defense is asserted, the plaintiff bears "a heavy two-part burden" to show both that a right was violated by the individual defendant's conduct and that it was a clearly established right. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). While a plaintiff need not cite a case precisely on-point, a private defendant can only violate a right if its contours were sufficiently definite, such that any reasonable person in the defendant's shoes

would have understood their conduct was unreasonable or unlawful. *Mullenix v. Luna*, 577 U.S. 7, 21 (2015); *see also Mejia v. City of N.Y.*, 119 F. Supp. 2d 232, 270 (E.D.N.Y. 2000) (in Section 1983 case against private actors, "the appropriate standard for gauging the objective reasonableness of a private defendant's belief is that of a reasonable private citizen in the defendant's position").

For the reasons explained in detail in Sections IV.A and B above, Plaintiffs fail to adequately plead any unconstitutional conduct by EHS. Plaintiffs have not pleaded EHS' acts and omissions were the source of their alleged constitutional deprivations. Accordingly, EHS is entitled to qualified immunity under the first prong of the test.

Plaintiffs also fail to plead that EHS violated a clearly established right. There is no particularized precedent placing EHS on notice that its participation in the cleanup of areas that were closed by the City due to public health risks may violate Plaintiffs' federally secured rights. The most analogous authority stands for the opposite proposition. In *Carr* (supra.), the District Court was unwilling to allow the plaintiffs' Fourth and Fourteenth Amendment claims against work crews to go forward where those work crews dismantled homeless encampments at the direction of the governmental entity in charge of the encampment's removal. *Carr*, 2014 U.S. Dist. LEXIS 103105.

Plaintiffs' Complaint has simply failed to meet the high burden necessary to overcome EHS' qualified immunity. In 629 paragraphs spanning 125 pages, there is not a single allegation demonstrating an objectively reasonable contractor in EHS' shoes would have understood its conduct was unlawful or unreasonable, much less in violation of a clearly established right. Instead, the Complaint demonstrates EHS did the work it was contracted to do, at the City's

direction and under its close supervision, pursuant to public health and safety directives issued by the City. Under these circumstances, EHS had no notice that its actions were likely to violate any clearly established rights. Accordingly, the Court should enter an order granting EHS qualified immunity from Plaintiffs' federal claims.

**D. Plaintiffs' state law claims against EHS should also be dismissed.**

**1. *Plaintiffs' claims under the Colorado Constitution (Claims Eleven and Twelve) fail as a matter of law.***

Plaintiffs Eleventh and Twelfth claims for relief are asserted pursuant to Section 13-21-131, C.R.S. and several sections in the Colorado Constitution. According to Plaintiffs, EHS deprived them of their right to use public streets and facilities in violation of Colo. Const. Art. II Sec. 3. Compl. ¶¶ 560-569. Plaintiffs also allege EHS violated their right to equal protection under Colo. Const. Art. II, Secs. 3 and 25. As explained in Section IV.D.3. below, Section 13-21-131, C.R.S. does not create a cause of action against EHS. *Id.* ¶¶ 570-585. Without a statutory basis for their claims, Plaintiffs seek implied state constitutional remedies for injunctive and declaratory relief against EHS. Compl. ¶¶ 561, 571.

The Colorado Supreme Court has refused to recognize implied civil remedies under the Colorado Constitution except where there is no other potentially adequate remedy at law. *Board of County Commissioners of Douglas County v. Sundheim*, 926 P.2d 545, 549 (Colo. 1996); s*ee also Baker v. Wells Fargo Bank, N.A.*, Civil Action No. 19-cv-03416-RBJ-NYW, 2020 U.S. Dist. LEXIS 155626, at *15 (D. Colo. Aug. 3, 2020). Here, Plaintiffs seek identical injunctive and declaratory relief under the federal constitution and Section 1983, Colorado common law, and the Colorado Constitution. Because adequate remedies exist under federal and Colorado

common law, Plaintiffs' Eleventh and Twelfth Claims for Relief, brought pursuant to the Colorado Constitution, should be dismissed.

For the same reasons explained in Sections A and B above, EHS did not cause any of Plaintiffs' alleged deprivations of state constitutional rights. A lack of causation provides additional grounds for the dismissal of claims Eleven and Twelve. Sections IV.A and B above are incorporated here by reference.

**2. *Plaintiffs fail to state a claim against EHS for conversion or trespass to chattels (Claims Fourteen and Fifteen).***

Conversion is the "distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Glenn Arms Assocs. v. Century Mortg. & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo. App. 1984). Trespass to chattels is defined as the intentional interference with the possession or physical condition of a chattel in the possession of another, without justification. *Mtn. States Tel. & Tel. Co. v. Horn Tower Constr. Co.*, 363 P.2d 175, 177 (Colo. 1961). Plaintiffs allege their ownership of the relevant property but do not allege EHS was unauthorized or without justification when it assisted with cleaning encampments deemed by the City to present public health and safety risks. Beyond a conclusory statement that their "conduct" deprived Plaintiffs of their possessions, they have not pleaded the elements of either claim. Compl. ¶¶ 597, 601.

To the extent EHS exercised dominion and control over Plaintiffs' property, they did so with the City's authorization and only after the City had closed and secured areas for public health and safety purposes. *Id*. ¶¶ 186, 206, 279, 311. Though Plaintiffs apparently challenge the use of Denver's public health authority, they do so under the purview of their prior settlement with the City. *See, e.g., Id.* ¶¶ 4, 128, 157, 159, 190, 199, 276, 309. This cannot support tort

liability for EHS. To allow these claims against EHS would be to hold them responsible for the City's exercise of its public health authority.

### 3. *Section 13-21-131, C.R.S. has no applicability because EHS is not a "peace officer."*

To the extent Plaintiffs seek redress from EHS under Section 13-21-131, C.R.S., any such claims must be dismissed. This statute governs civil causes of actions against "peace officers," which are "any person employed by a political subdivision of the state required to be certified by the P.O.S.T. board pursuant to section 16.2.5.102, a Colorado state patrol officer . . . and any noncertified deputy sheriff as described in section 16-2.5.103." EHS is none of the above. Section 13-21-131, C.R.S. has no bearing on Plaintiffs' claims against EHS or EHS' defenses and all claims asserted against it pursuant to Section 13-21-131, C.R.S. must be dismissed.

### 4. *The Court has discretion to dismiss the state law claims for lack of subject matter jurisdiction.*

Should Plaintiffs' Section 1983 claims against EHS be dismissed, the Court has authority to dismiss the pending state-law claims for lack of subject matter jurisdiction. 28 U.S.C. § 1367(c)(3). 28 U.S.C. § 1331 grants jurisdiction to federal courts over claims arising under federal law. Supplemental jurisdiction is available for state law claims forming the same case or controversy as the federal claims. 28 U.S.C. § 1367(a). Because the federal claims against EHS should be dismissed for failure to state a claim and qualified immunity, EHS respectfully asks the Court to exercise its discretion and dismiss the pending state-law claims.

WHEREFORE, for the reasons stated above, EHS respectfully requests an Order of the Court dismissing all claims against it in this matter and entering any other relief the Court deems just and proper.

Respectfully submitted this 4th day of March, 2021.

s/ Evan C. Singleton
**Timothy R. Gablehouse, #07231**
**Melanie J. Granberg, #31354**
**Evan C. Singleton, #48223**
Gablehouse Granberg, LLC
410 17th Street, Suite 275
Denver, CO 80202
Telephone: (303) 572-0050
tgablehouse@gcgllc.com
mgranberg@gcgllc.com
esingleton@gcgllc.com
Attorneys for Defendant Environmental
Hazmat Services, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 4, 2021, the foregoing **DEFENDANT ENVIRONMENTAL HAZMAT SERVICES' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** was filed and served electronically on the following:

For Plaintiffs:

David Lane
Darold Killmer
Andy McNulty
Reid Allison
dlane@kln-law.com
dkillmer@kln-law.com
amcnulty@kln-law.com
rallison@kln-law.com

For Amicus, ACLU:
Anna Kurtz
Mark Silverstein
akurtz@aclu-co.org
msilverstein@aclu-co.org

For the City and County of Denver and State Defendants:

Geoffrey Klingsporn, Senior Assistant City Attorney
Wendy Shea, Assistant City Attorney
Michele Horn, Assistant City Attorney
Conor Farley, Assistant City Attorney
geoffrey.klingsporn@denvergov.org
wendy.shea@denvergov.org
michele.horn@denvergov.org
conor.farley@denveregov.org

Kathleen Spalding
Stephanie Lindquist Scoville
Emely Garcia
kit.spalding@coag.gov
stephanie.scoville@coag.gov
emely.garcia@coag.gov

s/ Evan C. Singleton