**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-2985-WJM-SKC

DENVER HOMELESS OUT LOUD, *et al.*,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

     Defendants.

---

**ORDER GRANTING DEFENDANT ENVIRONMENTAL HAZMAT SERVICES'**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Before the Court is Defendant Environmental Hazmat Services' ("EHS") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion").  (ECF No. 175.)  Plaintiffs Denver Homeless Out Loud, *et al.*, (collectively, "Plaintiffs") filed a response in opposition (ECF No. 197), to which EHS replied (ECF No. 201).

For the following reasons, the Motion is granted insofar as the federal law claims against EHS are dismissed with prejudice, and the state law claims against EHS are dismissed without prejudice.

## I. BACKGROUND[1]

The Court set forth the Background of this case extensively in its Order Granting In Part And Denying In Part Plaintiffs' Motion for Preliminary Injunction and Expedited Hearing ("PI Order"), issued on January 25, 2021.  (ECF No. 150.)  Therefore, the Court

---

[1] References to (¶ __), without more, are references to the First Amended Class Action Complaint and Jury Demand (the "Complaint").  (ECF No. 160.)

incorporates the Background section of the PI Order by reference here, and only provides additional background facts in this Order as it pertains to EHS, which was not a participant in the preliminary injunction proceedings.

The Court assumes the allegations contained in the Complaint are true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plaintiffs allege that EHS is a privately-owned Colorado corporation, which contracted with the City and County of Denver, Colorado ("City") to assist with the cleanups of homeless encampments, including the seizure, storage, and destruction of Plaintiffs' property without notice. (¶ 32.) Further, Plaintiffs allege that at all relevant times, EHS was acting under color of state law and performing a central function of the state. (*Id.*) EHS was allegedly responsible for supervising Defendants John & Jane Loes 1-75 and directing their actions during the sweeps. (*Id.*)

In their Complaint, Plaintiffs have brought the following claims against EHS and Defendants John & Jane Loes 1-75: unlawful seizure in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 1); unlawful taking in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 2); deprivation of property without due process in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 3); danger creation (substantive due process) in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 4); right to use public streets and facilities, pursuant to Colorado Revised Statutes, § 13-21-131 and Colorado Constitution, Article II, § 3 (Claim 11); equal protection, pursuant to Colorado Revised Statutes, § 13-21-131 and Colorado Constitution, Article II, §§ 3 and 25 (Claim 12);

conversion (Claim 14); and trespass to chattels (Claim 15).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In reviewing a motion to dismiss under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.  "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.  'Factual allegations must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Twombly,* 550 U.S. at 545 & 556).  The plaintiff "does not need detailed factual allegations" but must plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.*  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS[2]

In the Motion, EHS argues that all of Plaintiffs' claims against it fail as a matter of law because Plaintiffs cannot show that EHS' conduct caused their alleged deprivations of constitutional, statutory, and common law property rights.  (ECF No. 175 at 2.)  Regarding Plaintiffs' § 1983 claims, EHS argues that its conduct was not the proximate cause of Plaintiffs' alleged deprivation of rights and that Plaintiffs fail to sufficiently plead that EHS was acting under color of state law.  (*Id.* at 4–8.)  EHS also argues that Plaintiffs' claims against it should be dismissed because it is entitled to qualified immunity.  (*Id.* at 11–13.)  Finally, EHS contends that Plaintiffs' state law claims against it should be dismissed for lack of subject matter jurisdiction.  (*Id.* at 13–15.)

#### A.    Section 1983 Claims

To sufficiently allege a  § 1983 claim, a plaintiff must show that the defendant: (1) "subject[ed], or cause[d] to be subjected," the plaintiff to a deprivation of a federal constitutional or statutory right, and acted (2) under color of state law.  42 U.S.C. §

---

[2] In a footnote to the general heading "Argument" in their response, Plaintiffs state that they "incorporate by reference the arguments and authorities contained in their contemporaneously filed response to Denver Defendants' Motion To Dismiss Plaintiffs' First Amended Complaint And Jury Demand."  (ECF No. 197 at 2 n.2.)  Plaintiffs' response to Denver Defendants' Motion to Dismiss is 52 pages long.  (ECF No. 196.)  However, Plaintiffs provide no citation to the page numbers or any further explanation of the particular arguments and authorities on which they rely.

"This Court . . . is not required to comb through [Plaintiffs'] filings to find matters to support [their] position."  *LNV Corp. v. Hook*, 2014 WL 4213586, at *3 (D. Colo. Aug. 26, 2014), *aff'd*, 638 F. App'x 667 (10th Cir. 2015) (citing *Milton v. Daniels*, 521 F. App'x 664, 668 (10th Cir. 2013)).  The Tenth Circuit has observed that "incorporation by reference is a sorry briefing technique and it seldom (if ever) will be an adequate means to convey an argument to a court."  *Id.* (quoting *Milton*, 521 F. App'x at 668); *see also In re Antrobus*, 563 F.3d 1092, 1097 (10th Cir. 2009) ("[W]e have disapproved of parties adopting their previous filings in lieu of fully setting forth their argument before this court.")).

The Court views Plaintiffs' briefing technique of incorporation by reference as an attempt to circumvent the Court's page limits and an improper approach to litigation.  The Court cautions Plaintiffs against employing such tactics in future briefing without prior leave of Court.

1983.   The plaintiff thus bears the burden of proving the defendant's conduct is both the cause-in-fact and proximate cause of the alleged deprivation of rights.  *Bliss v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).  "Proximate cause is often explicated in terms of foreseeability or the scope of risk created by the predicate conduct."  *Furber v. Taylor*, 685 F. App'x 674, 678 (10th Cir. 2017) (quoting *Paroline v. United States*, 572 U.S. 434, 445 (2014) (alterations omitted)).

"The requisite causal connection is satisfied if the defendant[s] set in motion a series of events that the defendant[s] knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights."  *Bliss*, 446 F.3d at 1046 (quoting *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (alterations in original)).  In other words, "[t]he defendant's conduct is not a proximate cause of a constitutional deprivation if the defendant neither knew nor had reason to know that the deprivation would result."  *Carr v. Or. Dep't of Transp.*, 2014 WL 3741934, at *2 (D. Or. July 29, 2014) (citation omitted).

Where multiple "forces are actively operating," a plaintiff may demonstrate that each defendant is a concurrent cause by showing that his or her conduct was a "substantial factor in bringing [the injury] about."  *Northington v. Marin*, 102 F.3d 1564, 1568–69 (10th Cir. 1996) (internal quotation marks omitted).  In a case of concurrent causation, the burden of proof shifts to the defendants in that "a tortfeasor who cannot prove the extent to which the harm resulted from other concurrent causes is liable for the whole harm" because multiple tortfeasors are jointly and severally liable.  *Id.* at 1568.

EHS argues that its "conduct did not cause Plaintiffs' alleged deprivation of

federally secured rights" and emphasizes that this case is "predominantly about the intersection of the City's emergency public health authority and the rights of homeless individuals to be secure in their personal belongings." (ECF No. 175 at 5.) EHS underscores that Plaintiffs allege in the Complaint that *the City* misused its public health powers when ordering and directing the cleanups in which EHS participated. (*Id.* (citing ¶¶ 4, 128, 157, 159, 190, 193, 199–201, 206, 276, 279, 309, 311).) Importantly, EHS points out that in the Complaint "there is no allegation that EHS knew of [*sic*] or should have known the government was allegedly misusing its public health authority." (*Id.*) Moreover, EHS emphasizes that there are "no allegations that EHS knew or should have known whether the City was providing adequate notice before conducting the cleanups," nor are there allegations that EHS knew or should have known the City was abusing its public health authority to deprive Plaintiffs of their property without providing a meaningful opportunity for retrieval. (*Id.*) For the following reasons, the Court agrees.

Upon review of the Complaint, Plaintiffs have provided extensive allegations regarding the City's actions during cleanups and have alleged that EHS seized and disposed of Plaintiffs' property without notice under its contract with the City. However, although Plaintiffs cite numerous paragraphs of their Complaint which purportedly demonstrate that EHS' actions proximately caused their constitutional violations, in the Court's view, Plaintiffs have nonetheless failed to allege that EHS' actions proximately caused Plaintiffs' alleged constitutional injuries. (*See* ECF No. 197 at 3 (citing ¶¶ 231–43, 249–57, 264–67, 290–306, 322–28, 329–36, 337–45, 346–66).) While Plaintiffs cite a litany of paragraphs from the Complaint which they argue support their argument, Plaintiffs do not then identify the specific facts which demonstrate proximate cause.

They merely state in a conclusory manner that "Plaintiffs adequately allege how EHS violated the constitutional rights of each Plaintiff in coordination with Denver . . ." and that "[t]hese allegations demonstrate that EHS caused the violation of Plaintiffs' constitutional rights."  (ECF No. 197 at 3 (citations omitted).)  Later, Plaintiffs again state in a conclusory manner that "the Amended Complaint clearly alleges exactly what the court found missing in *Carr* . . ." and "[t]hese allegations are enough to support Plaintiffs' claims that the EHS defendants' actions were legal causes of the constitutional violations alleged."  (*Id.* at 4 (citing ¶¶ 210–17, 219–20).)

Despite these statements of counsel, upon review of the numerous allegations, the Court finds that Plaintiffs have not provided *factual* support for their contention that EHS— which notably was not a party to the *Lyall* settlement agreement[3]—had actual or constructive knowledge that the City's actions and direction that it seize and dispose of Plaintiffs' property violated Plaintiffs' constitutional rights.  For example, Plaintiffs point to paragraphs 210–217 to support proximate cause.  However, the Court has reviewed these paragraphs—among numerous others cited—and finds that while these allegations state facts such as John & Jane Loes 1-25[4] (EHS employees) "began to seize [Plaintiffs'] unabandoned belongings and summarily discard it [*sic*]" (¶ 210); "destroyed everything in the park that Plaintiffs were unable to immediately carry away after the initial order to vacate the area" (¶ 212); "seized and discarded a wide range of [Plaintiffs'] belongings" (¶ 213); and "seized and discarded [Plaintiffs'] only means of communication . . ." (¶ 217), these assertions in fact do not demonstrate that EHS had

---

[3] *See* Civil Action No. 1:16-cv-2155-WJM-CBS.

[4] This allegation refers to John & Jane Loes 1-25, though the Complaint is against John & Jane Loes 1-75.  It is unclear whether this is a typographical error.

actual or constructive knowledge that their actions violated Plaintiffs' constitutional rights.

Even Plaintiffs' allegations that "[i]t was obvious to [Defendants including John & Jane Loes 1-25 (EHS employees)] that [Plaintiffs] had not abandoned their property," and "[Plaintiffs] had explicitly attempted to reclaim their property, but were denied the opportunity to do so by [various Defendants]" are conclusory.  (¶ 219.)  To be sure, Plaintiffs have alleged throughout the Complaint that EHS, in conjunction with the City, seized and discarded Plaintiffs' property without notice.  (*See generally* ECF No. 160.) Critically, however, there is simply no factual basis to conclude that EHS knew or reasonably should have known that its actions were potentially violating Plaintiffs' constitutional rights.  In other words, Plaintiffs have not factually supported that EHS' conduct proximately caused their alleged constitutional injuries.

To the extent Plaintiffs argue that EHS has merely presented a "just following orders" defense, the Court finds that such argument is without merit.  As an initial matter, Plaintiffs cite only out of circuit authority for support.  (ECF No. 197 at 2–3.) Plaintiffs contend that the "just following orders" defense cannot shield EHS from liability, but it is Plaintiffs' failure to allege proximate cause that dooms their § 1983 claims.

Further, the Court finds the cases on which Plaintiffs rely to support their argument that as a tortfeasor which is concurrently the cause of an indivisible injury, EHS should not be free from liability based on its assistance to the City in dismantling homeless encampments distinguishable.[5]  First, *Northington v. Marin*, 102 F.3d 1564

---

[5] The Court also notes that *Northington* provides that the burden of proof as to the apportionment of harm shifts to the defendant when one or more of the actors seeks to limit his

(10th Cir. 1996), involves an Eighth Amendment claim for the prison guards' failure to protect an inmate from other prisoners' abuses after prison guards spread rumors among the inmates that the plaintiff was a "snitch." *Id.* at 1567. The Tenth Circuit held that the guards' act of spreading a rumor about the plaintiff was the proximate cause of his beatings and of a constitutional violation that § 1983 law recognizes. *See id.* at 1569. The Tenth Circuit stated that the guards' defense—that their intent in spreading the rumor was to protect other inmates from harm through association with the plaintiff rather than to cause harm to the plaintiff—failed because the defendants "knew the probable result would be that [the plaintiff] would be beaten." *Id.* at 1568–69.

To the extent Plaintiffs argue that *Northington* supports the idea that multiple tortfeasors who concurrently cause an indivisible injury are jointly and severally liable, and that each can be held liable for the entire injury, *see id.* at 1569, the Court agrees with this general proposition. (*See* ECF No. 197 at 3.) However, this does not relieve Plaintiffs of their obligation to plausibly allege proximate causation as to EHS, which they have failed to do.

Next, *Lippoldt v. Cole*, 468 F.3d 1204 (10th Cir. 2006), involves First Amendment violations that occurred when the Wichita, Kansas police chief denied numerous applications for public parade permits for a group of abortion protesters. *See id.* at 1209–10. The Tenth Circuit held that other city officials who did not directly deny the permit requests, but played a role in the applications' consideration, proximately caused

---

liability on the ground that the harm is capable of apportionment among them. *Northington*, 102 F. 3d at 1569. Here, however, it does not appear as though EHS argues that the alleged harm is capable of apportionment or seeks to limit its liability. Rather, EHS argues it is not legally responsible for the alleged harm at all. Therefore, Plaintiffs' argument on this point appears even less applicable.

the First Amendment violation.  *See id.* at 1220.  Further, the Tenth Circuit found that a city official who researched legal standards upon which the police chief relied to deny the parade permits, and a deputy police chief who signed at least one of the permit denials on the police chief's behalf, had set in motion the First Amendment violation. *See id.* at 1219–20.  The court reasoned that the city officials who proximately caused the First Amendment violations were liable under § 1983 because the fact "[t]hat conduct of other people may have concurrently caused the harm does not change the outcome as to [the plaintiffs]."  *Id.* at 1220.

The Court also finds *Lippoldt* distinguishable.  The Tenth Circuit found that "despite discovering that denying the parade permits for the reasons offered by the City was most likely unconstitutional, [the city official] advised [the deputy police chief] to sign the denial letter."  *Id.* at 1220.  Based on this knowledge, the Tenth Circuit found that this conduct "was a substantial factor in denying the parade permits and violating plaintiffs' First Amendment rights."  *Id.*  However, in this case, as explained above, Plaintiffs have failed to plausibly allege that EHS' conduct *legally* caused Plaintiffs' alleged deprivation of constitutional rights.  Unlike the city official in *Lippoldt*, who knew or reasonably knew a constitutional violation could occur if the permit was denied, Plaintiffs have not sufficiently alleged that EHS knew or reasonably knew its actions could result in constitutional violations.

Although captioned "Plaintiffs' First Amended Class Action Complaint and Jury Demand", the operative complaint is in fact the *third* version of Plaintiffs' Complaint (the second amended complaint) filed in this case.  (*See* ECF Nos. 1, 46, 160.)  In the Court's view, Plaintiffs have had sufficient opportunity to plausibly allege legally

sufficient facts against EHS, and have already twice failed to do so.  Therefore, the Court will not permit them a *fourth* opportunity to properly allege their claims against EHS, and will dismiss Plaintiffs' § 1983 claims against EHS with prejudice.

**B.      State Law Claims**

Because the Court has dismissed with prejudice Plaintiffs' § 1983 claims, it declines to exercise supplemental jurisdiction over their state law claims.  This Court "may decline to exercise supplemental jurisdiction" over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, the third option applies because this Court has dismissed all of Plaintiffs' § 1983 claims against EHS, which are the only claims against EHS over which the Court has original jurisdiction.  In such a situation, the Court should "generally decline to exercise [supplemental] jurisdiction [over the remaining claims] . . . absent compelling reasons to the contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (internal quotation marks omitted).  In their response, Plaintiffs offer no compelling reasons (or any reasons at all) why the Court should retain jurisdiction over their state law claims in the event that all federal claims are dismissed (*see* ECF No. 197),[6] and

---

[6] While Plaintiffs argue that they have adequately alleged their state law claims against EHS (ECF No. 197 at 14–15), they do not address EHS' argument that the Court should decline to exercise supplemental jurisdiction over the state law claims in the event the federal claims

the Court can find none.

Accordingly, Plaintiffs' state law claims will be dismissed without prejudice to refiling in state court.  *See Brooks*, 614 F.3d at 1230; *see also* 28 U.S.C. § 1367(d) (tolling statute of limitations on state-law claims for thirty days after a federal court declines supplemental jurisdiction).[7]

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS:

1.      Defendant Environmental Hazmat Services' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 175) is GRANTED;

2.      Plaintiffs' federal law claims (Claim 1, Claim 2, Claim 3, and Claim 4) against EHS and John & Jane Loes 1-75 are DISMISSED WITH PREJUDICE;

3.      Plaintiffs' state law claims against EHS and John & Jane Loes 1-75 (Claim 11, Claim 12, Claim 14, and Claim 15) are DISMISSED WITHOUT PREJUDICE to refiling same in state court; and

4.      At such time as judgment on all claims is entered as to all parties, the Clerk shall enter judgment in EHS' and John & Jane Loes 1-75's favor on the four federal claims.

---

are dismissed.  *See United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis or citation is deemed waived).  Moreover, the Court is not "charged with making the parties' arguments for them."  *Meyer v. Bd. of Cnty. Comm'rs*, 482 F.3d 1232, 1242 (10th Cir. 2007).  Therefore, the Court deems Plaintiffs' argument on this issue waived.

[7] Because the Court finds that Plaintiffs' § 1983 claims fail to sufficiently allege proximate causation, the Court will not address EHS' other arguments regarding whether Plaintiffs have sufficiently alleged in connection with their § 1983 claims that EHS was acting under color of state law, whether EHS is entitled to qualified immunity, and whether Plaintiffs have sufficiently alleged their state law claims.

Dated this 18th day of March, 2022.

BY THE COURT:

William J. Martinez
United States District Judge