IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2985-WJM-SKC

DENVER HOMELESS OUT LOUD, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

    Defendants.

---

**ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT (DOC. 160)**

---

Before the Court is State Defendants, Richard Lee ("R. Lee"), and Colorado State Patrol Troopers Alec Barkley, J.P. Burt, William Caldwell, Umair Cheema, Jacob Cleveland, Crystal Crenshaw, Colin Daugherty, Gregory Davey, David Dinkel, Joe Dirnberger, Andrew Gasparovic, Christopher Gonzales, Nathan Hardy, Jeremy Harrington, Heidi Jewett, Geoffrey Keeling, Doug Kline, Bryan Larreau, Thomas Major, Sean McCall, Brandon Novy, Haas E. Pratt, Kevin Rae, Kyle Ross, Rusty Sanchez, Victor Sargenti, Tye Simcox, Jonathan Strickland, Nicholas Trujillo, Ryan Voss, Darce Weil, and Patrick Williams's (collectively, except for R. Lee, "State Troopers") (collectively, "State Defendants") Motion to Dismiss First Amended Complaint[1] (Doc. 160) ("Motion"). (ECF No. 190.) Plaintiffs Denver Homeless Out Loud, *et al.*, (collectively, "Plaintiffs") filed a response in opposition (ECF No. 202), to which the State

---

[1] Although Plaintiffs named this pleading the First Amended Class Action Complaint and Jury Demand (the "Complaint"), it is in fact the third iteration of their pleading in this case. (ECF No. 160.) Should they replead, they should appropriately title the pleading.

Defendants replied (ECF No. 207).

For the following reasons, the Motion is granted.

## I. BACKGROUND[2]

The Court set forth the Background of this case extensively in its Order Granting In Part And Denying In Part Plaintiffs' Motion for Preliminary Injunction and Expedited Hearing ("PI Order"), issued on January 25, 2021. (ECF No. 150.) Therefore, the Court incorporates the Background section of the PI Order by reference here, and only provides background facts in this Order as it pertains to the additional allegations against the State Defendants.

The Court assumes the allegations contained in the Complaint are true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The State Defendants remain in the case only to the extent that state actors participated in Defendant The City and County of Denver's ("City") July 29, 2020 cleanup of Lincoln Park. On February 4, 2021, Plaintiffs voluntarily dismissed Governor Jared Polis, in his official and individual capacities, as a Defendant in this case. (ECF No. 155.) However, they substituted as a Defendant an employee of the Colorado Department of Personnel and Administration ("DPA"), R. Lee, in his official and individual capacities. (¶¶ 47, 204.) R. Lee, the Division Director of Capital Assets at the DPA, is mentioned in only two paragraphs of the Complaint. Plaintiffs allege that he oversaw the DPA contractors, John & Jane Poes 1-20, who erected the fence at Lincoln Park and seized and discarded Plaintiffs' property. (*Id.*) John & Jane Poes 1-20 are

---

[2] References to (¶ __), without more, are references to the Complaint. (ECF No. 160.)

also Defendants in this lawsuit, sued in their individual capacities. (¶ 86.)

Plaintiffs bring claims against the State Troopers, in their official and individual capacities, who participated in the cleanup of Lincoln Park, alleging that they set up and secured a fence along the perimeter of the park (¶¶ 207, 211, 253, 264), and prevented campers from reentering the park to retrieve their property (¶¶ 211, 218, 219, 231, 254, 257, 265).

In their Complaint, Plaintiffs bring the following claims against the State Defendants in both their official and individual capacities: unlawful seizure in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 1); unlawful taking in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 2); deprivation of property without due process in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 3); danger creation (substantive due process) in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 (Claim 4); right to use public streets and facilities, pursuant to Colorado Revised Statutes, § 13-21-131 and Colorado Constitution, Article II, § 3 (Claim 11); and equal protection, pursuant to Colorado Revised Statutes, § 13-21-131 and Colorado Constitution, Article II, §§ 3 and 25 (Claim 12).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts must be construed strictly. *See F&S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). A party challenging the Court's jurisdiction may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *See id.* A court has wide discretion to allow affidavits, other documents, and may conduct a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *See id.*

B.   **Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 545 & 556). The plaintiff "does not need detailed factual allegations" but must

4

plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS[3]

In the Motion, the State Defendants argue that the Court should dismiss Plaintiffs' federal official capacity claims and state constitutional claims against all of the State Defendants in their official capacities under Rule 12(b)(1) because they are barred by Eleventh Amendment immunity. (ECF No. 190 at 4.) They also argue that Plaintiffs' official capacity claims fail because Plaintiffs do not have Article III standing to assert such claims, as the Lincoln Park cleanup was set in motion and directed by the City. (*Id.* at 5.) Finally, the State Defendants contend that they cannot be sued for damages, injunctive relief, or declaratory relief under Colorado Revised Statutes § 13-21-131. (*Id.*)

Regarding Plaintiffs' individual capacity claims, the State Defendants argue that these claims should be dismissed under Rule 12(b)(6) because Plaintiffs have not

---

[3] In its Order Granting Defendant Environmental Hazmat Services' Motion to Dismiss Plaintiffs' First Amended Complaint, the Court took a dim view of Plaintiffs' statement that they incorporated by reference arguments and authorities contained in their response to other defendants' motions to dismiss in this case. (ECF No. 217 at 4 n.2.) Similarly, in this Motion, the State Defendants adopt some of the City's briefing. (*See* ECF No. 207 at 10.) And again, Plaintiffs incorporate arguments and authority contained in their response to the City's motion to dismiss. (ECF No. 202 at 7.)

As it stated in its previous Order, the Court views the State Defendants' and Plaintiffs' briefing technique of incorporation by reference as an attempt to circumvent the Court's page limits and is an improper and unacceptable approach to litigation. The Court again cautions all of the parties in this case against employing such tactics in future briefing without prior leave of Court.

5

alleged facts which, if true, would support a finding that R. Lee or any State Trooper personally violated their constitutional rights. (*Id.*) Similarly, the State Defendants argue that Plaintiffs have failed to establish the personal involvement of any particular State Trooper in a constitutional violation. (*Id.*) According to the State Defendants, Plaintiffs have not established the elements of the various constitutional violations they allege, and as a result they are entitled to qualified immunity. (*Id.* at 6.)

A.   **Overarching Deficiencies of the Complaint and Briefing**

The Court begins its discussion by commenting on the confusing manner in which Plaintiffs drafted the Complaint, which has made ruling on the Motion unnecessarily time-consuming and difficult. Plaintiffs have brought 17 claims—though there is no Claim 5 pled—against a litany of City, State, and private defendants. Those claims are asserted against various defendants in their official and/or individual capacities. Further, Plaintiffs have requested damages, injunctive relief, and declaratory relief on some of those claims.

However, despite the breadth of the allegations, Plaintiffs' Complaint lacks particularity and was not drafted with the precision necessary for a lawsuit of this magnitude. For example, it is not clear whether certain claims are asserted against defendants in their official or individual capacities, leaving the Court to assume that if a claim is asserted against a defendant (regardless of whether the relief is legally available), then it is asserted against that defendant in whatever capacity or capacities Plaintiffs listed in the Complaint's caption. (ECF No. 160 at 1–2.)

Additionally, it is not clear what form of relief Plaintiffs request as to each defendant. Plaintiffs merely rely on a lengthy, vague prayer for relief and leave it to the defendants and the Court to decipher their intentions. (*Id.* at 123–24.) At one point,

Plaintiffs attempt to clarify the type of relief they seek, but even then, their efforts are insufficiently clear.  (¶¶ 561, 571.)  This confusion is particularly acute with respect to Plaintiffs' claims against the State Defendants in their individual capacities.[4]  While the State Defendants request dismissal of the entire Complaint, they appear to have only argued for dismissal of the individual capacity claims asserted under § 1983; therefore, it remains unclear whether the Colorado Constitution claims are brought against the State Defendants in their individual capacities.  (ECF No. 190 at 16–27.)

On occasion, it is not clear through what legal mechanism—statutory, constitutional, or otherwise—Plaintiffs assert what claims against which Defendants. For example, in a footnote in their response, Plaintiffs state that they "explicitly specified in the Amended Complaint that they do not bring their Colorado Constitutional claims against the State Defendants under C.R.S. § 13-21-131."[5]  (ECF No. 202 at 6 n.5.)

---

[4] As the Court pointed out in a previous case, it is not clear why a plaintiff might seek declaratory or injunctive relief against a defendant in his or her individual capacity in a case like this.  See *Brockman as trustee of Brockman v. Bimestefer*, 2020 WL 730308, at *6 (D. Colo. Feb. 13, 2020).  In that case, the undersigned noted that "[s]urely the Brockmans do not want declaratory or injunctive relief to run against a particular defendant individually, thus binding only that defendant and leaving everyone else in the Department free to do the things that the Brockmans claim are unlawful.  It appears, rather, that the Brockmans want an injunction against the Department itself, which they may obtain—assuming subject matter jurisdiction—by suing the Department directly or by continuing to sue Defendant Bimestefer in her official capacity.  See *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (suit against a government official is his or her official capacity is equivalent to a suit against the governmental entity for whom the official works)."  *Id.*

It is similarly unclear here what Plaintiffs hope to gain by suing the State Defendants in their individual capacities for injunctive and declaratory relief, if that is in fact one of the forms of relief they seek.

[5] In future pleading, Plaintiffs must clearly articulate the basis for these claims. They appear at first to bring the claims against all Defendants under both the C.R.S. § 13-21-131 *and* the Colorado Constitution, but then later they change course.  The Court finds their attempts to exclude certain defendants from C.R.S. § 13-21-131 confusing, and their briefing on the issue explaining which Defendants are capable of being sued, and in what capacity, under that statute was also unclear.

However, this purported specification does not appear to have clarified matters for the State Defendants, at least in the initial Motion, where they argued that "Plaintiffs' state law claims further fail because State Defendants cannot be sued, either for damages, or for injunctive or for declaratory relief under the provisions of § 13-21-131, C.R.S." (ECF No. 190 at 5.)

The briefing on the Motion demonstrates that the parties, too, often appear confused about what Plaintiffs are alleging, against which defendants, in which capacity, and the type of relief Plaintiffs seek. For example, in their response, Plaintiffs appear to seek declaratory and injunctive relief against the State Defendants under the Colorado Constitution. (ECF No. 202 at 6 ("Thus, this Court has the authority to issue declaratory and injunctive relief against the State Defendants including enjoining them from violating Plaintiffs' rights under the Colorado Constitution.").) However, in their reply, the State Defendants state that they "address only injunctive relief because Plaintiffs do not appear to seek declarative relief from them." (ECF No. 207 at 2.) Both of these statements cannot be true.[6]

---

[6] The Court shares the State Defendants' apparent confusion. In connection with their two claims brought under C.R.S. § 13-21-131 and the Colorado Constitution, Plaintiffs allege that they "only seek declaratory and injunctive relief against the other Defendants as to this claim." (¶¶ 561, 571.) Because the phrase "the other Defendants" is preceded by a list of exclusively Denver Defendants, the Court concludes that the State Defendants are included in the scope of the other Defendants.

However, in their prayer for relief, Plaintiffs appear to only seek declaratory relief against the City because the only specific declaratory relief they request is the following: "A declaration that D.R.M.C. 38-86.2 and D.R.M.C. 49-246 are unconstitutional, both facially and as-applied." (ECF No. 160 at 123.) Those references are to the Denver Revised Municipal Code and seemingly could not provide relief against the State Defendants. To that end, the State Defendants argue that "Plaintiffs' request for relief seeks only a declaration that Denver's laws are unconstitutional and that injunctive relief be provided by an unspecified group of "Defendants". . . . None of the requested injunctive relief is specifically directed at ending State Defendants' support of Denver's sweeps." (ECF No. 207 at 4 (citations omitted).) If Plaintiffs request declaratory relief in this manner in the future, they must cite relevant authority

8

Additionally, in Claims 11 and 12, Plaintiffs seek "non-economic damages, economic damages, the physical and mental pain and anguish Plaintiffs suffered before and during the sweeps, and other compensatory and special damages." (¶¶ 568, 584.) However, whatever other confusion the Eleventh Amendment might raise, it seems clear that economic damages against the State Defendants in their official capacities are barred by the Eleventh Amendment. With such clear authority concerning the Eleventh Amendment, it is unclear why Plaintiffs would draft their Complaint without making it clear what type of relief they seek and in what capacity.

The conferral process required by WJM Revised Practice Standard III.D does not appear to have helped matters much. In the Motion, the State Defendants state that "[d]uring the conferral process, Plaintiffs clarified that these two claims [Claims 11 and 12] are intended to be asserted against all State Defendants in their official capacities." (ECF No. 190 at 9.) However, in the reply, the State Defendants state that "[f]ollowing Plaintiffs' Response to State Defendants' Motion to Dismiss, counsel for State Defendants again engaged in conferral with Plaintiffs about the intended scope of Plaintiffs' state law claims. Plaintiffs' counsel stated: 'We maintain our injunctive relief claims against the State Defendants in their individual capacity, but have voluntarily dismissed them as to the State Defendants in their official capacity.' Because Plaintiffs have not further amended their complaint, State Defendants understand this to be a statement of intent to further amend in the future." (ECF No. 207 at 5 n.3.)

---

demonstrating their entitlement to such declaratory relief against the *State* Defendants when the relief they request is rooted in city ordinances, as opposed state statutes.

Plaintiffs also request "Declaratory relief and other appropriate equitable relief," but the Court does not see how it could award declaratory relief requested in such a vague manner.

These examples of the Complaint's pleading difficulties and deficiencies are by no means exhaustive. In addition, the murky representations of both sides with regard to the results of their conferrals required by the Court's Local Rules and Revised Practice Standards have only served to worsen an already problematic situation. In combination, these pleading and conferral deficiencies have proven to be a serious impediment to the Court's efforts to efficiently and coherently address the issues raised in the Motion.[7]

### B.   Dismissal Without Prejudice

As the Denver Defendants and this Court have observed (*see* ECF No. 176 at 1 n.1, ECF No. 217 at 11–12), this is the third version of the Complaint in this case. While the Court could exercise its discretion to dismiss Plaintiffs' claims against the State Defendants with prejudice, the Court will not do so. To the extent possible, the Court has ruled on Plaintiffs' official capacity claims below. And, in the interests of justice, the Court elects to dismiss Plaintiffs' individual capacity claims without prejudice and allow Plaintiffs a *final* opportunity to cure the deficiencies in their pleading. However, the Court strongly cautions Plaintiffs to consider whether repleading certain claims is advisable under the facts and the law of this case.

### C.   Repleading

The State Defendants make numerous arguments explaining the grounds upon which Plaintiffs' claims against them should be dismissed. (*See* ECF Nos. 190, 207.) The Court does not prejudge any of the arguments the State Defendants have raised

---

[7] In future pleading and briefing, the Court instructs *all* parties to be clear about which defendants they refer to and in what capacity. References to the "individual State Defendants" creates a question of whether Plaintiffs refer to the State Defendants in their individual capacities, or something else. (*See, e.g.*, ECF No. 202 at 6.)

here or may raise in advocating for dismissal in the future. Without prejudging these matters, the Court believes that the State Defendants have raised several significant issues which may counsel Plaintiffs to reconsider the following: whether they should reallege some or all of their claims against certain State Defendants; whether they should allege claims against some of these State Defendants in their official or individual capacities; and whether they should request injunctive relief, declaratory relief, and damages against all of the State Defendants.

Some of these arguments include, but are not limited to:

- whether Plaintiffs have standing to obtain a permanent injunction against the State Defendants;

- whether Plaintiffs can sufficiently establish the personal participation of the various State Defendants, particularly in light of the fact that Plaintiffs have not alleged that any individual State Trooper seized their property and R. Lee's purportedly minor role in the Lincoln Park cleanup;

- whether Plaintiffs have stated a claim for all of the claims against the State Defendants; and, relatedly,

- whether the State Defendants are entitled to qualified immunity with respect to any one or more of the claims asserted against them.

(ECF Nos. 190, 207.)

Additionally, Plaintiffs should carefully consider whether their claim theories and contentions are well supported by Tenth Circuit or Supreme Court authority.[8]

---

[8] In their response, Plaintiffs often cite Colorado Supreme Court cases or out of circuit authority to support their arguments. (*See, e.g.*, ECF No. 202 at 5, 6.) Further, footnotes containing long string cites of cases from outside this circuit—devoid of explanatory parentheticals—do little to aid the Court in resolving the Motion. To the extent possible, in

**D.     Court's Rulings**

Notwithstanding the foregoing comments and observations, the Court now addresses the merits of the State Defendants' Motion requesting dismissal of Plaintiffs' claims against the State Defendants in their official capacities.

1.     <u>Motion to Dismiss Official Capacity Claims Under Rule 12(b)(1)</u>

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  This immunity extends to suits by citizens against their own state or its agencies in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  "Only a state or 'arms' of a state may assert the Eleventh Amendment as a defense to suit in federal court."  *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999).

"[T]he United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).  Further, "supplemental jurisdiction under § 1367 does not override the Eleventh Amendment's bar on suing a state in federal court."  *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013).  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

---

future briefing, the Court directs both parties to cite relevant authority, primarily from this circuit, that supports their arguments as to whether Plaintiffs' claims may be properly brought in *federal* court and explain why such authority is relevant.

(1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*

But Eleventh Amendment immunity is not absolute. *See Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). There are three exceptions.[9] First, as stated above, a state may consent to suit in federal court. *Id.* Second, Congress may abrogate a state's sovereign immunity. *Id.* Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

To determine whether the *Ex parte Young* exception applies, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quotations and brackets omitted). Thus, for the *Ex parte Young* exception to apply, Plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief. *See Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 866 (10th Cir. 2003).

The second prong—whether Plaintiff have alleged an ongoing violation of federal law—"does not require [a court] to ascertain whether state officials actually violated federal law." *Id.* Instead, "[the court] only need to determine whether Plaintiffs state a non-frivolous, substantial claim for relief against the [s]tate officers that does not merely allege a violation of federal law 'solely for the purpose of obtaining jurisdiction.'" *Id.*

---

[9] Plaintiffs have neither argued that the state has waived its Eleventh Amendment immunity, nor have they argued that Congress abrogated the state's Eleventh Amendment immunity. (*See* ECF No. 202.)

(quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 690 n.10 (1949)).

      a.    *Section 1983*

          (i)    Injunctive and Declaratory Relief

The State Defendants contend that the Eleventh Amendment bars Plaintiffs' § 1983 claims against them in their official capacities, and they argue that the *Ex parte Young* exception does not apply here. (ECF No. 190 at 8–9.) It is indisputable that Plaintiffs have sued state officials rather than the state itself, and the State Defendants have stated that they do not contest that on its face, Plaintiffs' Complaint purports to seek injunctive relief. (ECF No. 207 at 2.) Therefore, the only dispute is whether Plaintiffs have alleged an ongoing violation of federal law such that their claims fall within the *Ex parte Young* exception to Eleventh Amendment immunity. (*Id.*)

The State Defendants assert that the Complaint only alleges that R. Lee acted in a single instance on July 29, 2020 to oversee DPA contractors who erected a fence on the day of the Lincoln Park cleanup. (ECF No. 190 at 8.) They further argue that the act of erecting a fence around a park in the past is not in and of itself a constitutional violation, much less an ongoing violation that must be remedied through injunctive relief. (*Id.* at 9.) Moreover, Plaintiffs only allege that the State Troopers participated in one cleanup; thus, Plaintiffs do not allege—and, according to the State Defendants, *cannot* allege—that there is an ongoing violation of federal constitutional rights by the State Defendants. (*Id.*)

The Court agrees. Importantly, in their response, Plaintiffs do not directly address the State Defendants' contention that Plaintiffs have failed to allege an *ongoing* violation of federal law. (*See* ECF No. 202.) Instead, without citing any specific

14

allegations in the Complaint, Plaintiffs merely state that they seek prospective injunctive relief against the State Patrol officers,[10] in their official capacities, for ongoing violations of the United States Constitution.  (*Id.* at 3 (citing ECF No. 160 at 123–24).)  The Court's review of the cited pages reveals that the Complaint is not even that specific.  The request for prospective injunctive relief refers to "Defendants," not "State Patrol officers," and in no way articulates an ongoing violation of federal law by the State Defendants.

Additionally, Plaintiffs' lawyer's statement in their response that "[t]here has been no representation from the State Defendants that they will not participate in future sweeps," is insufficient under Tenth Circuit authority to demonstrate that the "*complaint* [gives] any indication that [they] might be entitled to injunctive relief for ongoing federal constitutional violations by state officials."  *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999) (emphasis added); *see also Shapiro v. Chapdelaine*, 2015 WL 6549275, at *2 (D. Colo. Oct. 29, 2015) (plaintiff had failed to establish more than a speculative possibility that he would face the same allegedly unconstitutional conduct in the future, and therefore had not properly pleaded a request for injunctive relief).

The Lincoln Park cleanup occurred on July 29, 2020, approximately 20 months ago.  (¶ 47.)  There is nothing in the record from which the Court can ascertain that any comparable incidents have taken place since then which involve the State Defendants.  Consequently, it does not appear as though Plaintiffs could plausibly allege facts which would satisfy the *Ex parte Young* exception, which requires an ongoing violation of

---

[10] The lack of clarity in the Complaint leads the Court to believe that Plaintiffs have also requested injunctive relief against R. Lee and John and Jane Poes 1-20.  If Plaintiffs believe they have a good faith basis to seek amendment of their pleading, they must be more specific in their requests for relief.

federal law. As it stands, Plaintiffs have done no more than speculate, through attorney argument only, that they might face similar allegedly unconstitutional conduct at the hands of the State Defendants at some unknown future time, and their inability to point to specific allegations in the Complaint to the contrary solidifies the Court's conclusion.

As the State Defendants emphasize, "[w]hile there may be some theoretical case in the future in which State Defendants more broadly support Denver's sweeps or in which State Defendants enforce the State's own regulations or policies with regard to camping on State property, that case has not yet come into being." (ECF No. 207 at 4.) Despite Plaintiffs' statement that the State Defendants have not disclaimed an intent to assist the City with cleanups in the future, the State Defendants correctly highlight that "it is equally true that Plaintiffs have never alleged that State Defendants have an ongoing practice or policy of doing so." (*Id.*)

Plaintiffs' Complaint must be judged on its face and must be independently sufficient to invoke federal jurisdiction. *See, e.g., Irvine v. I.C. Sys., Inc.*, 198 F. Supp. 3d 1232, 1235 (D. Colo. 2016). Because Plaintiffs' Complaint does not establish that State Defendants are engaging in an ongoing violation of federal law, the Court finds that the *Ex parte Young* exception does not apply, and thus, the Eleventh Amendment bars their federal claims for injunctive relief.

Regarding Plaintiff's request for declaratory relief, although the parties do not clearly articulate separate arguments regarding such a purported request, it appears that pursuant to Tenth Circuit authority, injunctive and declaratory requests for relief rise and fall together on this issue. *See Amaro v. New Mexico*, 737 F. App'x 882, 889 (10th Cir. 2018) (stating in the context of an *Ex parte Young* analysis that "Plaintiff's claims for

16

injunctive and declaratory relief satisfy these criteria, and thus the court erred in dismissing them"). This conclusion makes sense, as both injunctive and declaratory remedies are forms of non-monetary relief, a key distinction in Eleventh Amendment jurisprudence. Therefore, the Court also finds that the Eleventh Amendment bars Plaintiffs' requests for declaratory relief.

For all these reasons, Claims 1-4 are dismissed with prejudice to the extent Plaintiffs seek injunctive and declaratory relief against the State Defendants in their official capacities.[11]

(ii)   Damages

Eleventh Amendment immunity also "bars a damages action against a State in federal court." *Harrison v. Univ. of Colo. Health Scis. Ctr.*, 337 F. App'x 750, 753 (10th Cir. 2009); *see also Pennhurst*, 465 U.S. at 98–99. Therefore, due to the jurisdictional bar, Claims 1-4 are dismissed with prejudice to the extent Plaintiffs seek damages against the State Defendants in their official capacities.

---

[11] Because the Court finds that Plaintiffs have not satisfied the *Ex parte Young* exception and dismisses their claims on this basis, the Court need not address the State Defendants' other argument that Plaintiffs have not established standing for a permanent injunction against them (ECF No. 190 at 11–13), or their arguments that there are three separate reasons under Ruel 12(b)(6) for which the Court should dismiss the injunctive relief claims (*id.* at 14–15).

      b. *Colorado Constitution*[12]

        (i) Injunctive Relief

In their response, Plaintiffs state that they "voluntarily agree to dismiss their claims for injunctive relief against Defendants,[13] in their official capacity, pursuant to the Colorado Constitution." (ECF No. 202 at 2 n.2; *see also* ECF No. 207 at 5 n. 3.) Therefore, relying on Plaintiffs' representation, Claims 11 and 12 are dismissed with prejudice to the extent Plaintiffs seek injunctive relief pursuant to the Colorado Constitution against the State Defendants in their official capacities.

        (ii) Declaratory Relief

Plaintiffs appear to seek declaratory relief under the Colorado Constitution against the State Defendants in their official capacities. (¶¶ 561, 571.) As discussed more fully above, these claims are barred by Eleventh Amendment immunity and must be dismissed. It has for some time now been the law of the land that a federal district court cannot order state officials to act according to state law. *See Pennhurst*, 465 U.S. at 106; *Ind v. Colo. Dep't of Corr.*, 2010 WL 11580050, at *5 (D. Colo. Sept. 30, 2010)

---

[12] In the Complaint, Plaintiffs state that regarding their claims against the State Defendants under the Colorado Constitution, they "only seek declaratory and injunctive relief against the other Defendants as to this claim." (¶¶ 561, 571.) Therefore, because Plaintiffs do not seek damages from the State Defendants on Claims 11 and 12, the Court only analyzes these claims in terms of injunctive and declaratory relief. (*See* ECF No. 202 at 6.)

As a side note, the Court observes that Plaintiffs allege that Defendants' actions deprived them of rights "secured by the Constitution of the United States of America." (¶¶ 569, 585.) However, this appears to be an error, as these are claims brought under the Colorado, not United States, Constitution. Plaintiffs must be more precise in a future pleading, if any.

[13] Here, Plaintiffs use the all-encompassing term "Defendants." However, it is not clear whether Plaintiffs dismiss these claims against all Defendants (which is what they appear to have done) or the State Defendants only. Plaintiffs must be very specific in referring to any one or more Defendant in this case, as Plaintiffs have alleged numerous claims against a litany of Defendants. Regardless, because this Order pertains to the State Defendants, the Court will limit its dismissal to the State Defendants.

18

(adopting report and recommendation which found that the plaintiff's request for injunctive *and declaratory relief* pursuant to state law were barred by the Eleventh Amendment and must be dismissed). Therefore, due to this jurisdictional bar, Claims 11 and 12 are dismissed with prejudice to the extent Plaintiffs seek declaratory relief pursuant to the Colorado Constitution against the State Defendants in their official capacities.

2. Voluntary Dismissal of Claim 2

In their reply, the State Defendants state that "[i]n a recent e[-]mail exchange, Plaintiffs' counsel affirmed that Plaintiffs will not pursue their Second Claim for Relief for 'unlawful taking.'" (ECF No. 207 at 1 (citing ECF No. 196 at 10 n.6).) Plaintiffs have not filed any notice with the Court disputing this statement, nor did they move for leave to file a sur-reply to address this point. Therefore, relying on the State Defendants' representations and Plaintiffs' silence regarding Plaintiffs' voluntary dismissal, Claim 2 is dismissed with prejudice against the State Defendants, in their official and individual capacities.

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS:

1. The State Defendants' Motion to Dismiss First Amended Complaint (Doc. 160) (ECF No. 190) is GRANTED;

2. Plaintiff's Complaint (ECF No. 160) is DISMISSED WITHOUT PREJUDICE to the extent set forth above, and DISMISSED WITH PREJUDICE to the extent set forth above;

3. Plaintiffs are granted leave to file what will actually be their Third (and final) Amended Complaint, by which they may only replead those claims the Court has

herein dismissed without prejudice. Said Third Amended Complaint must be filed not later than 30 days after the Court issues its Order on the Denver Defendants' Motion to Dismiss (ECF No. 176); and

4. The Court is not requiring Plaintiffs to file a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a). However, the Court wishes to avoid any additional confusion regarding what Plaintiffs are alleging in any amended pleading. Therefore, Plaintiffs are DIRECTED to attach to any amended pleading a summary chart explaining what claims Plaintiffs allege against which specific defendants, in which capacities, and which type of relief they request for each claim against each Defendant in each capacity, and through what legal mechanism (statutory, constitutional, or otherwise) Plaintiffs allege they are entitled to bring such claims. To the extent Plaintiffs have questions about this summary chart, they are DIRECTED to contact the undersigned's Chambers *before* filing their amended pleading.

Dated this 31st day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge